IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01294-MDB

WILLIAM S. PETTIGREW,

    Plaintiff,

v.

WARDEN LONG, et al.,

    Defendants

---

**STIPULATED PROTECTIVE ORDER**

---

The parties, by and through their respective counsel, hereby agree to the following Stipulated Protective Order and request that it be entered as an Order of the Court.

Upon a showing of good cause in support of the entry of a Protective Order to protect the disclosure and discovery of confidential and security-sensitive information in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to request for admission, responses to requests for production of documents, deposition testimony, responses to subpoenas for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to the terms of this protective order.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R.

1

Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

      3.      Information designated "CONFIDENTIAL" shall be information in which the party asserts that it has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure as well as proprietary or non-public information relating to operational strategies, policies, plans, entity structure, and similar information treated or considered by a Party, whether by policy or practice, as confidential or proprietary. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

      4.      CONFIDENTIAL documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on the case;

    b. persons regularly employed or associated with the attorneys actively working on the case who assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the

      conduct of this action;

   g. deponents, witnesses, and potential witnesses; and

   h. other persons by written agreement of the parties.

5. A subset of CONFIDENTIAL information may be designated CONFIDENTIAL — ATTORNEYS' EYES ONLY. Any information so designated shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys actively working on the case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; however, this does not include contract employees, temporary employees (excluding interns), or outside agencies, organizations, or institutions.

   c. Court Personnel.

   d. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   e. other persons by written agreement of the parties.

6. Counsel who intend to use CONFIDENTIAL or CONFIDENTIAL -ATTORNEYS' EYES ONLY information in court proceedings or filings shall make a good faith effort to have the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information filed under seal, or otherwise restricted from public access, pursuant to D.C. COLO.L.CivR 7.2, but no further action of the filing party to

maintain restricted public access shall be required.

7. Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information to any person listed in paragraph 5, counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he, she, or they have read this Protective Order and agree to be bound by its provisions.

8. Documents are designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following other appropriate notice: "CONFIDENTIAL" or CONFIDENTIAL — ATTONREYS' EYES ONLY."

9. Counsel for the party producing any information that will be designated CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY shall review information and designate such information CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY based on a good faith belief that the information is in fact confidential or otherwise entitled to protection.

10. Whenever a deposition involves the use of CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but the party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY after transcription, provided

written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of completion of the transcript. Until such time as testimony is designated as confidential in some manner, however, the testimony shall be treated as non-confidential. The cover page and those portions of the original transcripts that contain Confidential Material shall bear a legend indicating that the transcript contains Confidential Material. Any deposition exhibits designated as Confidential Material shall also be marked accordingly.

11. The Confidential records of one incarcerated individual shall not be shared with another incarcerated individual unless an agreement is reached between (1) the parties and (2) the person whose records are contained in the Confidential Information addressing the parameters of disclosure of the Confidential records.

12. A Party may object at any time during the litigation to the designation of a particular document or piece of information as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY by giving written notice to the party designating a particular document or piece of information as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party that designated the information CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY to make an appropriate motion requesting the Court to determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely made, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL —

ATTORNEYS' EYES ONLY under the terms of this protective order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with the motion made under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY.

13. If a disclosing party discloses information that was not designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY but later determines that the disclosed information should have been so designated, the disclosing party shall promptly notify the other party of the error and furnish properly designated copies of the disclosed information. Upon receipt of notice of the improperly designated disclosure, the non-disclosing party shall treat all copies of the disclosed information as if they were originally designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY.

14. In the event a party that has designated information CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY wishes to remove such designation, they may do so unilaterally at any time but must give the other party fifteen (15) days' notice of such a designation change.

15. The parties agree to abide by this Protective Order after the conclusion of this case (within 60 days of either the entry of judgment which is not appealed or of an appellate mandate or dismissal). Counsel may keep copies of all correspondence, court filings, and other documents maintained as part of counsel's normal file retention practices.

16. By designating information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and producing such information pursuant to the terms of this Protective Order, or by objecting or failing to object to any information's designation pursuant to this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 30th day of January, 2025

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge